IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY<br>175 Berkeley St.<br>Boston, MA 02116<br><br>    Plaintiff,<br><br>vs.<br><br>HARTFORD FIRE INSURANCE COMPANY<br>One Hartford Plaza<br>Hartford, CT 06155<br><br>    Defendant. | CASE NO.:<br><br>JUDGE<br><br>**NOTICE OF REMOVAL** |

Defendant, Hartford Fire Insurance Company ("Hartford"), by and through counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal on the following grounds:

1. On March 1, 2017, Liberty Mutual Fire Insurance Company ("Liberty"), filed a Complaint in the Court of Common Pleas for Cuyahoga County, Ohio, captioned Liberty Mutual Fire Insurance Company v. Hartford Fire Insurance Company, Case No. CV 17 876670. A copy of the Complaint is attached hereto as Exhibit "A."

2. On February 23, 2016, Anthony Tomsic ("Tomsic"), filed a personal injury lawsuit against several defendants, including Cleveland Clinic Foundation ("Cleveland Clinic"), Parking Solutions, Inc. ("PSI"), and David Haas ("Haas"), in the Cuyahoga County Court of Common Pleas, Case No. CV 16 859373 ("Tomsic Lawsuit").

3. On January 23, 2017, Tomsic entered into a settlement agreement with Cleveland Clinic, Haas, and PSI in the Tomsic Lawsuit. *See* Ex. A at ¶20. Tomsic agreed to dismiss his claims against all defendants in exchange for $275,000. *Id.* at ¶21. At the time of settlement,

Liberty and Hartford agreed to share equally in the payment of the settlement sum, $137,500. Liberty now seeks a declaration as to the rights and obligations of Liberty and Hartford under their respective policies with respect to the incident described in the Tomsic Lawsuit. *Id.* at ¶23.

4.   In his Complaint, Tomsic alleged that he sustained bodily injuries on or about February 24, 2014, after being transported by a van, operated by Hass and owned by Cleveland Clinic, to his scheduled medical appointment. *See* Ex. B, ¶3, 7. Tomsic alleged that Haas made a "negligently inadequate effort to secure" Tomsic in the van "in preparation for transport." *Id.* at ¶4. As a direct and proximate result of defendants' misconduct and negligence, Tomsic incurred painful and permanent injuries. *Id.* at ¶9.

5.   Liberty issued Business Auto Insurance Policy Number AS2-Z91-461739-013 ("Liberty Policy"), to PSI. *See* Ex. A at ¶3. During the Tomsic Lawsuit, Liberty requested Hartford to defend and indemnify PSI and Haas, an employee of PSI, based upon the language of Policy Number 45 UEN VY 3012 ("Hartford Policy"), Hartford issued to Cleveland Clinic. *Id.* at ¶5, 18. Hartford denied Liberty's request.

6.   Liberty seeks the court to declare the following: (1) the Hartford Policy provides coverage for any claims arising out of the incident described in the Tomsic Lawsuit, on a primary basis; (2) The Liberty Policy provides coverage for any claims arising out of the incident described in the Tomsic Lawsuit, on an excess basis; (3) Hartford must reimburse Liberty for all sums expended in defense of PSI and Haas in the Tomsic Lawsuit; (4) Hartford must reimburse Liberty for the sum of $137,500 paid by Liberty as part of the settlement agreement reached in the Tomsic Lawsuit; (5) Liberty shall be accorded such additional relief or declarations to which it is entitled; and (6) Liberty shall recover the costs of this action. *See* Ex. A.

7. This case is removable under 28 U.S.C. § 1441, as this United States District Court has original jurisdiction of this action under 28 U.S.C. § 1332(a). Section 1332(a) provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
>
> (1) citizens of different States...

8. Upon information and belief, Liberty is incorporated in Massachusetts. Liberty's principal place of business is in Boston, Massachusetts.

9. Upon information and belief, Hartford is incorporated in Delaware. Hartford's principal place of business is in Hartford, Connecticut.

10. The amount in controversy exceeds the sum or value of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs. Liberty's prayer for relief in its Complaint seeks reimbursement in the amount of $137,500, exclusive of attorney's fees and costs. *See* Ex. A.

11. Accordingly, this Court has jurisdiction over the dispute because of the diversity of the parties and the amount in controversy.

12. Hartford is the sole Defendant properly joined and served in this matter, and has consented to this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(a).

13. Hartford will give written notice of the filing of this Notice of Removal to Liberty as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Clerk of Courts for the Cuyahoga County Court of Common Pleas.

14. This Notice of Removal is filed within thirty (30) days after receipt of service of the Summons and Complaint on March 1, 2017 by Hartford on March 31, 2017 and is, therefore, timely under 28 U.S.C. § 1446(b)(1).

Wherefore, Defendant Hartford Fire Insurance Company gives notice that the above-described action pending against it in the Court of Common Pleas for Cuyahoga County, Ohio is removed to the United States District Court for the Northern District of Ohio, Eastern Division, for all further proceedings.

Respectfully submitted,

/s/ Brian D. Sullivan
Brian D. Sullivan (#0063536)
REMINGER CO., L.P.A
101 West Prospect Ave, Suite 1400
Cleveland, Ohio 44115-1093
Tel: (216) 687-1311 / Fax: (216) 687-1841
Email: bsullivan@reminger.com

*Attorney for Hartford Fire Insurance Company*