**SUMMONS IN A CIVIL ACTION**    **COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
CLEVELAND, OHIO 44113

| CASE NO. CV17876670 | D1 CM | SUMMONS NO. 31585653 |

Rule 4 (B) Ohio
Rules of Civil Procedure

## SUMMONS

CA 0011765425 

| LIBERTY MUTUAL FIRE INSURANCE COMPANY | PLAINTIFF |
| VS | |
| HARTFORD FIRE INSURANCE COMPANY | DEFENDANT |

HARTFORD FIRE INSURANCE COMPANY
ONE HARTFORD PLAZA
HARTFORD CT 06155

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:

Plantiff's Attorney

STEPHEN V. FREEZE
1 S. MAIN ST., SUITE 1800

DAYTON, OH 45402-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOHN J RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

By _____
        Deputy

| DATE |
| Mar 1, 2017 |

COMPLAINT FILED    03/01/2017



LAW DEPARTMENT

MAR 07 2017

LITIGATION UNIT

CMSN130


EXHIBIT A



NAILAH K. BYRD
1200 Ontario
Cleveland, OH 44113

Case# CV17876670

RETURN RECEIPT REQUESTED ELECTRONICALI

7118 9042 9550 0105 1352

HARTFORD FIRE INSURANCE COMPANY
ONE HARTFORD PLAZA
HARTFORD CT 06155

IN THE COMMON PLEAS COURT OF CUYAHOGA COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY<br>175 Berkeley St.<br>Boston, MA 02116<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY<br>One Hartford Plaza<br>Hartford, CT 06155<br><br>Defendant. | *<br>*<br>*<br>* | CASE NO.<br><br>Judge<br><br>**LAW DEPARTMENT**<br><br>**MAR 07 2017**<br><br>**LITIGATION UNIT**<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff, Liberty Mutual Fire Insurance Company ("Liberty"), for its Complaint for Declaratory Judgment, states the following:

### Parties and Venue

1. Liberty is a corporation duly authorized to do business in the state of Ohio.

2. Hartford Fire Insurance Company ("Hartford") is a corporation duly authorized to do business in the state of Ohio.

3. Liberty issued Business Auto Insurance Policy Number AS2-Z91-461739-013 ("Liberty Policy") to named insured, Parking Solutions, Inc. ("PSI"), effective for the period of November 15, 2013 to November 15, 2014. A true and accurate copy of the Liberty Policy is attached hereto as *Exhibit A*.

1

4. The Liberty Policy provides a liability limit of one million dollars.

5. Hartford issued Policy Number 45 UEN VY 3012 ("Hartford Policy") to named insured, Cleveland Clinic Foundation ("Cleveland Clinic") effective for the period of May 1, 2012 to May 1, 2013. A true and accurate copy of the Hartford Policy is attached hereto as *Exhibit B*.

6. The Hartford Policy provides a liability limit of two million dollars.

7. Pursuant to Ohio Revised Code §2721.01 et seq., Liberty seeks a declaration as to the rights and responsibilities of Liberty and Hartford under both the Liberty Policy and Hartford Policy with respect to any and all claims that have arisen, or may arise out of, the incident described in Paragraphs 8-15 of this Complaint for Declaratory Judgment.

### The Incident of February 24, 2014

8. On February 23, 2016, tort claimant, Anthony Tomsic ("Tomsic"), as Plaintiff, filed a personal injury lawsuit ("Tomsic Lawsuit") against several defendants, including Cleveland Clinic, PSI, and David Haas, in the Cuyahoga County Court of Common Pleas, Case Number CV 16 859374. A true and accurate copy of the Tomsic Complaint is attached hereto as *Exhibit C*.

9. In his Complaint, Tomsic alleges he sustained bodily injury on or about February 24, 2014, after arriving at the Cleveland Clinic for a medical appointment and being transported by a van to his scheduled medical appointment. *See Ex. C, Complaint*, ¶3, 7.

10. Tomsic alleges that David Haas ("Haas") was the driver of the van. *Id.* at ¶4.

11. Tomsic alleges that Haas made a "negligently inadequate effort to secure" Tomsic in the van "in preparation for transport." *Id.*

12. Tomsic alleges that Haas, as well as the "owner and authorized operator and/or provider of the * * * van, were employees, contractors, subcontractors and/or agents of [Cleveland Clinic] * * * and/or [PSI] * * * acting within the scope and course of their agency/employment * * *." *Id.* at ¶5.

13. Tomsic alleges that Haas, Cleveland Clinic and PSI "negligently failed to supply an appropriate vehicle and/or train and/or supervise their agents and/or employees to properly secure [Tomsic] and his wheelchair in the vehicle" and that "[n]otwithstanding such failures, the driver began the trip * * *." *Id.* at ¶6.

2

**FREUND, FREEZE & ARNOLD**
A Legal Professional Association

14. Tomsic alleges that "owing to the Defendants' failure to proper[ly] secure [Tomsic] * * *, when the driver turned the vehicle, [Tomsic] in his wheelchair, broke free and was thrown about the vehicle with great force * * *." *Id.* at ¶7.

15. Tomsic alleges that "as a direct and proximate result of the Defendants' misconduct and negligence, [Tomsic] incurred serious painful and permanent major injuries * * *." *Id.* at ¶9.

### Additional Facts

16. The van operated by Haas at the time of the incident described in the Tomsic Lawsuit was owned by Cleveland Clinic.

17. At the time of the incident described in the Tomsic Lawsuit, Haas was an employee of PSI.

18. During the pendency of the Tomsic Lawsuit, Liberty requested Hartford to defend and indemnify PSI and Haas based upon the language of the Hartford Policy.

19. Hartford declined Liberty's request.

20. On January 23, 2017, Tomsic, entered into a settlement agreement with Cleveland Clinic, Haas, and PSI in the Tomsic Lawsuit.

21. Tomsic agreed to dismiss his claims against all Defendants named in the Tomsic Lawsuit, and execute a release in favor of the settling parties, in exchange for $275,000.

22. Of the $275,000 settlement sum received by Tomsic, $137,500 was paid by Liberty on behalf of PSI and Haas.

23. At the time of settlement, Liberty and Hartford agreed to share equally in the payment of the settlement sum and then to proceed to ask this Court to declare the rights and obligations of Liberty and Hartford under their respective Policies with respect to the incident described in the Tomsic Lawsuit.

### Hartford Policy

24. The Hartford Policy provides as follows:

SECTION II – LIABILITY COVERAGE

A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies,

3

FREUND, FREEZE & ARNOLD
A Legal Professional Association

    caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

    * * *

    We have the * * * duty to defend any "insured" against a "suit" asking for such damages * * *. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" * * * to which this insurance does not apply. * * * Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

*Hartford Policy*, Business Auto Coverage Form, page 2 of 12, attached hereto as *Exhibit B-1*.

25. The Hartford Policy provides for "Who is an Insured" as follows:

  **1.** **Who Is An Insured**

    The following are "insureds":

    * * *

    b. Anyone else while using with your permission a covered "auto" you own, hire or borrow * * *

    c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

*Id.*

26. The Hartford Policy contains the following pertinent exclusion:

  **B.** **Exclusions**

    This insurance does not apply to any of the following:

    * * *

    **2.** **Contractual**

      Liability assumed under any contract or agreement.

      But this exclusion does not apply to liability for damages:

4

    \* \* \*

    **b.**    That the "insured" would have in the absence of the contract or agreement.

*Id.* at page 3 of 12.

27. At the time of the incident described in the Tomsic Lawsuit, Haas was using with Cleveland Clinic's permission a covered auto owned by Cleveland Clinic.

28. Therefore, at the time of the incident described in the Tomsic Lawsuit, Haas was an insured under the Hartford Policy.

29. At the time of the incident described in the Tomsic Lawsuit, PSI, as Haas' employer, was liable for the conduct of Haas.

30. Therefore, at the time of the incident described in the Tomsic Lawsuit, PSI was an insured under the Hartford Policy

31. Haas' liability, as alleged in the Tomsic Complaint, is liability that Haas would have in the absence of any contract or agreement.

32. PSI's liability, as alleged in the Tomsic Complaint, is liability that PSI would have in the absence of any contract or agreement.

33. Based upon the foregoing, the Hartford Policy provides coverage for Haas and PSI for the claims arising out of the incident described in the Tomsic Complaint.

### The Liberty Policy

34. The Liberty policy provides as follows:

SECTION II – LIABILITY COVERAGE

A.    Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We have the right and duty to defend any "insured" against a "suit" asking for such damages \* \* \*. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" \* \* \* to which this insurance does not apply. \* \* \* Our

5

      duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

*Liberty Policy*, Business Auto Coverage Form, page 2 of 12, attached hereto as *Exhibit A-1*.

35. The Liberty Policy provides for "Who is an Insured" as follows:

    **1. Who Is An Insured**

    The following are "insureds":

    a. You for any covered "auto".

    b. Anyone else while using with your permission a covered "auto" you own, hire or borrow * * *:

*Id.*

36. The Liberty Policy contains the following pertinent exclusion:

    **B. Exclusions**

    This insurance does not apply to any of the following:

    * * *

    **2. Contractual**

    Liability assumed under any contract or agreement.

    But this exclusion does not apply to liability for damages:

    * * *

    b. That the "insured" would have in the absence of the contract or agreement.

*Id.* at page 3 of 12.

37. At the time of the incident described in the Tomsic Lawsuit, PSI was an "insured" under the Liberty Policy.

FREUND, FREEZE & ARNOLD
A Legal Professional Association
Electronically Filed 03/01/2017 10:09 / / CV 17 876670 / Confirmation Nbr. 1000583 / CLAHJ

38. At the time of the incident described in the Tomsic Lawsuit, Haas was using with PSI's permission a covered auto that PSI borrowed.

39. Therefore, at the time of the incident described in the Tomsic Lawsuit, Haas was an insured under the Liberty Policy.

40. Haas' liability, as alleged in the Tomsic Complaint, is liability that Haas would have in the absence of any contract or agreement.

41. PSI's liability, as alleged in the Tomsic Complaint, is liability that PSI would have in the absence of any contract or agreement.

42. Based upon the foregoing, the Liberty Policy provides coverage for PSI and Haas for the claims arising out of the incident described in the Tomsic Complaint.

### The "Other Insurance" Clauses of the Hartford and Liberty Policies are the Same

43. The Hartford Policy provides the following "Other Insurance" clause:

   **5. Other Insurance**

   a. For any covered "auto" you own, this coverage form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this coverage form is excess over any other collectible insurance.

   \* \* \*

   *Hartford Policy*, Business Auto Coverage Form at page 9 of 12, *Ex. B-1*.

44. The Liberty Policy provides the following "Other Insurance" clause:

   **5. Other Insurance**

   a. For any covered "auto" you own, this coverage form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this coverage form is excess over any other collectible insurance.

   \* \* \*

   *Liberty Policy*, Business Auto Coverage Form at page 9 of 12, *Ex. A-1*.

45. The Hartford Policy is primary.

46. Pursuant to 5.a. of the Liberty Policy, the coverage provided to PSI and Haas under the Liberty Policy for the accident described in the Tomsic Lawsuit is excess over the coverage provided to PSI and Haas under the Hartford Policy.

47. Any liability Haas would have as a result of the Tomsic Complaint is not as a result of any contractual liability assumed in an agreement, but would be as a result of the general application of tort law.

48. Any liability PSI would have as a result of the Tomsic Complaint is not as a result of any contractual liability assumed in an agreement, but would be as a result of the general application of tort law.

49. Hartford's Other Insurance clause states that for any covered auto Cleveland Clinic owns, Hartford's coverage is primary.

50. According to the above language, Hartford owes coverage to PSI and Haas on a primary basis.

**WHEREFORE,** Liberty Mutual Fire Insurance Company requests this Court to declare as follows:

A. Hartford Fire Insurance Company Policy Number 45 UEN VY 3012 provides coverage for any claims arising out of the incident described in the Tomsic Lawsuit, including the claims set forth in the Tomsic Complaint, on a primary basis;

B. Liberty Mutual Fire Insurance Company Policy Number AS2-Z91-461739-013 provides coverage for any claims arising out of the incident described in the Tomsic Lawsuit, including the claims set forth in the Tomsic Complaint, on an excess basis;

C. Hartford must reimburse Liberty for all sums expended in defense of PSI and Haas in the Tomsic Lawsuit;

D. Hartford must reimburse Liberty for the sum of $137,500 paid by Liberty as part of the settlement agreement reached in the Tomsic Lawsuit;

E. Liberty Mutual Fire Insurance Company shall be accorded such additional relief or declarations to which it is entitled;

F. Liberty Mutual Fire Insurance Company shall recover the costs of this action.

Respectfully submitted,

s/Stephen V. Freeze
Stephen V. Freeze (0012173)
FREUND, FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
Phone: (937) 222-2424
Fax: (937) 222-5369
sfreeze@ffalaw.com
Attorney for Plaintiff

9